O’Connell, Acting Chief Judge,
delivered the opinion of the court:
This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the primary examiner of claims 1, 2, and 3 of appellant’s application, No. 229,780, for a patent on • a method of preparing statistical reports. The examiner rejected all of the claims on the grounds, among others, “as unpatentable over Hutchings, .Pennewill, or the well-known, conventional practice of photographing business records.” That rejection was sustained by the board for reasons explained in detail in its decision and reviewed herein.
Claim 3, which is the most specific of the appealed claims, reads as follows:
*718 3. The method for preparing cumulative periodic statistical reports for a group of periods which comprises the steps of preparing a master ..sheet for the period group by placing the summaries and averages óf the same statistics for a prior period group and sub-groups thereof on a sheet of opaque material of adequate size to accommodate said statistical summaries and averages together with the statistics for each of the periods in the current period group and for summaries for sub-groups of periods of the current period group and then preparing a current period report sheet successively for each of the periods of the current group by adding successively to the master sheet the statistics of each current report period and photographing the master sheet after each current period statistics have been added to it on a light-sensitized sheet of paper.
The references relied on are:
Pennewill, 1,227,653, May 29,1917
Hutchings, 2,026,500, Dec. 31,1935
Appellant’s alleged invention relates to a system of keeping records in which a variety of summaries and/or averages are tabulated in columnar form at set periods; for example, every month. The method disclosed and claimed involves the use of a master sheet having columns in which the appropriate values are to be entered, one column corresponding to each month of the current year, and also having a column containing similar entries for the last period (as shown, the last month) of the preceding year. As the figures are compiled for each month, they are entered in the proper column on the master sheet so that the statistics for the entire year up to date may be seen at any time. Copies of the master sheet are made by photographing it at the end of each month, so that each photograph will show the year’s records to date, and all previous copies may be destroyed, except that the last photograph for each year is kept as a permanent record.
The Pennewill patent discloses a record entry form containing separate columns for listing various accounting statistics for each of a number of months and corresponding generally to appellant’s master sheet.
The Hutchings patent was cited merely to show the admittedly old process of duplicating records by photographing them.
It was the opinion of the board that Pennewill shows everything claimed by the appellant except the photographing step. That is true as far as claim 1 is concerned, but Pennewill does not appear to disclose the step set forth in claims 2 and 3 of placing a .summary of statistics for a prior period on the sheet before beginning the series of current entries. In our opinion, however,- that step is not patentable. The idea of placing various statistics side by side for purposes of comparison is conventional and of general application. Moreover, after the first series of monthly entries had been made by Pennewill, there would be a set of monthly values available for comparison with *719 each successively entered series. It .would be obvious to extend, that principle by placing the last series of values from the old sheet on' a new one, for purposes of comparison, when the new sheet was first put into use.: '
We agree with the examiner and the. board that, so far as the system of making entries is concerned, the appealed claims define no invention over Pennewill. The record sheet disclosed by Pennewill is adaptable to various kinds of entries and would provide, at the end of each month, a cumulative set of records equivalent in all material respects to those provided by appellant’s master sheet.
We are also in agreement with the Patent Office tribunals that patentability of the appealed- claims cannot be predicated upon the photographing step. It is common practice, as shown for example by Hutchings, to photograph records of various kinds and to make as many copies as may be needed in that manner. No new or unexpected result is obtained by photographing the particular records referred to in the appealed claims. The fact that the old records may be discarded when a new one is made is inherent in any cumulative system of keeping and reproducing records by photographic means or otherwise.
While the system claimed by appellant is a convenient and efficient one, it does not, in our opinion, involve such a departure from what is shown by the prior art as to amount to patentable invention.
The decision of the Board of Appeals is affirmed.